RECEIVED
JUN 25 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SHEILA LONGINO, on behalf
of her minor son JL

DOCKET NO. 12-cv-00997

VERSUS

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL, et al.

JUDGE JAMES T. TRIMBLE
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is Sheila Longino's ("Longino") motion to remand and for attorney's fees (Doc. 4) which were referred to me by the district judge for report and recommendation.

Factual Background

On March 27, 2012, Sheila Longino filed a lawsuit on behalf of her minor son, JL, in the 12th Judicial District Court, Avoyelles Parish, Louisiana against Dolgencorp LLC d/b/a Dollar General ("Dolgencorp") and Carlton Cotton ("Cotton") (Doc. 1-1). In her petition, Longino alleges her son sustained serious injuries to his right knee after slipping and falling in an accumulation of water at the entrance of the Dollar General store in Moreauville, Louisiana. Longino contends defendants, Dolgencorp and Cotton, the district manager on site at the time of the accident, knew or should have known about the water accumulation.

Longino alleges both Dolgencorp and Cotton: (1) allowed water to remain on the floor; (2) failed to remove water from and dry the floor; (3) failed to inspect the premises for dangerous conditions;

(4) failed to exercise reasonable care and take necessary and precautionary measures which would have prevented the subject accident; (5) failed to warn patrons of standing water on the floor; (6) failed to cord off the area or erect a barricade; and (7) failed to exercise reasonable care in maintaining or inspecting the aisles of the store to prevent such injuries to its patrons.

On April 25, 2012, Dolgencorp removed the action to this court stating that Longino had no arguable claim for recovery against Cotton and improperly joined him to defeat diversity jurisdiction as both he and Longino are Louisiana residents[1] (Doc. 1).

On May 4, 2012, Longino filed a motion to remand and argued that Dolgencorp failed to provide any evidence of the improper joinder of Cotton (Doc. 4).

Dolgencorp filed its memorandum in opposition on May 23, 2012 (Doc. 6) providing the legal basis as to why a claim could not proceed against Cotton under Louisiana law.

## Law and Analysis

The applicable statute, 28 U.S.C. §1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000.[2]  28 U.S.C. §1332(a); <u>Caterpillar v. Lewis</u>,

---

[1] Dolgencorp is a foreign corporation.

[2] Dolgencorp contends the amount in controversy exceeds $75,000 and Longino does not take exception to the statement.

519 U.S. 61, 62 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. V. Allapattah Services, Inc., 545 U.S. 546, 584 (2005)(citations omitted). Therefore, where one plaintiff and one defendant are from the same state, ordinarily, federal courts have no jurisdiction under §1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact the non-diverse parties were improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts or an inability of plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Dolgencorp contends that Longino has no reasonable possibility of recovery against Cotton, the store manager. Dolgencorp's burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendant must put forth evidence that would negate a possibility of recovery against the non-diverse defendant. Id. All disputed questions of fact and ambiguities of law must be

3

construed in plaintiff's favor. <u>Travis</u>, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. <u>Id.</u> at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." <u>Id.</u>

The petition contains general allegations that Cotton failed to inspect the store for hazards, failed to take reasonable steps to maintain safety and failed to warn shoppers of the potential hazard. In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. <u>Carriere v. Sears, Roebuck and Co.</u>, 893 F.2d 98, 100-101 (5th Cir. 1990). Under Louisiana law, a store manager or other employee may not be held liable for an invitee's injury on store premises unless four distinct criteria are satisfied:

1. The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recover is sought;

2. This duty must be delegated by the employer to the particular employee;

3. The employee must breach this duty through his own personal fault; and

4

> 4. Personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty to the plaintiff that was not properly delegated to another employee.

<u>Canter v. Koehring Co.</u>, 283 So.2d 716, 721 (La. 1973). Thus, to state a cause of action against Cotton, Longino must show Dolgencorp delegated its duty to Cotton and that he personally breached that duty.

Dolgencorp, as a merchant, owes its patrons a duty to exercise reasonable care to keep its floors in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage. La.R.S. 9:2800.6. Longino fails to assert any allegations or provide any evidence that Dolgencorp delegated any duty to Cotton. Rather, she is attempting to place liability upon him "simply because of his general administrative responsibility for performance of some function of employment." <u>Canter</u>, 283 So.2d at 721. No such duty exists under Louisiana law. Thus Longino's cannot maintain a claim against Cotton; he has been improperly joined in the lawsuit; and, his presence as a defendant should be disregarded for determining jurisdiction.

Conclusion

IT IS RECOMMENDED that plaintiff's motion to remand and for attorneys fees (Doc. 4) be DENIED.

IT IS FURTHER RECOMMENDED that Cotton be dismissed as a defendant.

OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this ____ day of June, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE